### CHARLES R. WHEDON AND WIFE vs. ELBERT J. GORHAM.

The statute (acts of 1869, ch. 73) which provides that whenever a husband and wife shall have a joint or separate title to a homestead or dwelling house, and any creditor of the husband shall have levied an execution on the husband's interest therein, upon tender to the creditor by the wife of the amount of the execution, the title acquired by such levy shall vest in the wife, is not retroactive, and has no application to the case where husband and wife before its passage had a joint or separate title to a homestead, unless such interest continued till after the act took effect.

BILL IN EQUITY; brought to the Superior Court in New Haven county, and reserved, on demurrer to the bill, for the advice of this court.

The bill alleged that on the 1st of May, 1864, the petitioners, Charles R. Whedon and Mary Whedon, were and ever since have been husband and wife, that the said Mary on the 20th of June, 1868, was the lawful owner and had the separate title to one undivided third part of a certain homestead, dwelling house and lot in New Haven, and that she has ever since remained and now is the owner thereof. That the respondent, on the 25th of May, 1868, recovered a judgment against the said Charles, and on the 6th of June, 1868, took out execution therefor, and on the 20th of June, 1868, caused said execution to be duly levied on said premises, and on the interest of said Charles therein. That on the 16th of February, 1870, the said Mary tendered to the respondent a greater sum than the amount of said execution and the costs accrued thereon, with the interest upon the same, and tendered to him a release deed for him to execute and deliver

to her, by which he would convey to the said Mary the title that he had acquired to said premises by virtue of the levy of said execution, and requested him to execute the same, which he then and there wholly refused to do. That by means of the premises the title acquired by the respondent by the levy of said execution vested in the said Mary, and that the respondent has failed to convey said title to her, and praying the court by decree to vest in said Mary the title to the premises acquired by the respondent by the levy of said execution.

*C. Ives*, in support of the demurrer.

*Doolittle* and *Watrous*, contra.

The demurrer raises two questions. First, is the statute under which the petition is brought applicable to the admitted facts? Upon this point there can be no reasonable doubt. The facts pleaded show the very grievance which the statute was passed to remedy. And though they happened before the passage of the act, the terms used show explicitly that it applied to them. Pub. Acts, 1869, p. 296.

Second, is the act so applied valid? The statute is not void because it is retrospective, even though it should affect antecedent vested rights. The legislature is competent to give a statute a retrospective or retroactive effect, unless the act violates the provision of the constitution of the United States in regard to *ex post facto* laws, and the obligation of contracts; or unless it is expressly prohibited by some provision of the state constitution; or unless "it is shown with entire clearness and certainty to be so unreasonable and unjust in its operation upon antecedent legal rights, that the action of the legislature cannot be vindicated by any reasonable intendment, or allowable presumption." *Baltimore & Susquehanna R. R. Co.* v. *Nesbit*, 10 How., 401, 395; *Watson* v. *Mercer*, 8 Pet., 110, 88; *Satterlee* v. *Matthewson*, 2 id., 413, 380; *Charles River Bridge* v. *Warren Bridge*, 11 id., 580; *Welch* v. *Wadsworth*, 30 Conn., 155, 149; *Town of Goshen* v. *Town of Stonington*, 4 id., 226, 209.

This act in no way violates the constitution of the United

States.  It has been solemnly settled that the phrase, *ex post facto* laws, is not applicable to civil laws, but·to penal and criminal laws.  *Watson* v. *Mercer*, 8 Pet., 110; *Calder* v. *Bull*, 3 Dall., 386.  Nor does it impair the obligation of any contract.  Between the parties there never was any contract relative to the land.  The levy of the execution was altogether *in invitum.  Mather* v. *Chapman*, 6 Conn., 58, 55.  Nor does it violate any provision of the state constitution.  There is nothing in any of the provisions of the constitution which can restrain the legislature from passing retrospective laws ; and it is their practice every year to do so, and, not unfrequently, acts which affect antecedent vested rights.

Nor is the statute either " unreasonable" or " unjust." The respondent acquired title by a law of the state ; it is not an unjust act if the state, finding that in certain cases its former law worked hardship, passes an act to remedy such hardship, providing at the same time that the respondent shall lose nothing, but shall receive that which alone he had a right to expect, viz., the amount of his debt, interest and costs, in money.

If the legislature of the state pass a law within the general scope of their constitutional power, the court cannot pronounce it void, merely because it is in their judgment contrary to public policy.  The legislature alone are the judges of what is politic.  *City of Bridgeport* v. *Housatonic R. R. Co.*, 15 Conn., 495, 475 ; *Bennett* v. *Boggs*, 1 Bald., 74, 75; *Cochran* v. *Van Surlay*, 20 Wend., 381; *Sharpless* v. *The Mayor &c. of Philadelphia*, 21 Penn. S. R., 141–162; *Calder* v. *Bull*, 3 Dall., 386 ; *Fletcher* v. *Peck*, 6 Cranch, 87 ; *Hanson* v. *Vernon*, 27 Iowa, 28 ; *Stewart* v. *Supervisors of Polk County*, 1 Am. Reports, 241 ; Potter's Dwarris on Statutes, 80, 81, 82 ; Cooley on Const. Limitations, 87; 9 Am. Law Reg., 585 (Oct., 1870); *Starr* v. *Pease*, 8 Conn., 541; *The People* v. *Supervisors of Orange County*, 17 N. Y., 235, 241.

SEYMOUR, J.  It is conceded that the claim of the petitioners to the relief sought by their bill is founded wholly on the provisions of the statute approved June 8th, 1869, chapter 73 of the public acts of that year.  The act is as follows:

"An Act in addition to an Act concerning the Domestic Relations.

*Be it enacted, &c.*:

That whenever a husband and wife shall have a joint or separate title to the whole or any part of a homestead or dwelling house, and lot on which the same is situated, and any creditor of the husband shall have levied an execution on the husband's interest therein, it shall be lawful for the wife to tender to said creditor the amount of his said execution and the costs accrued thereon, with interest upon the same, and upon such tender being made, the title acquired by the levy of such execution shall vest in the wife, and said creditor shall convey the same to her, and in case of his failure so to do, the Superior Court, upon her application, shall decree the title thus acquired by the levy of said execution to be thereafter vested in the wife."

The bill states that the wife of Mr. Whedon on the 20th of June, 1868, was the lawful owner, and had the separate title, to one undivided third part of a certain homestead in New Haven, and that she has ever since remained, and now is the owner thereof. The bill further states that on the 20th of June, 1868, the respondent Gorham caused an execution in his favor against said Charles R. Whedon to be duly levied on the premises, and on the interest of said Whedon therein. What interest Mr. Whedon had in the premises is not stated, but it may fairly be inferred that on the 20th of June, 1868, he had some interest in them, and that on that day such interest was, by the levy of the respondent's execution, duly transferred to the respondent. Since the 20th of June, 1868, the husband, Charles R. Whedon, has had no interest in the premises, and since that time therefore the husband *and* wife have not had a joint or separate title to the whole or any part of the homestead. Prior to June 20th, 1868, they may have had such a title, and, as already said, it may fairly be inferred from the petition that they did have; and if the act of 1869 is retroactive, and applies to cases where prior to its passage such interest existed, and the husband's interest has been taken on execution, then the petitioners are entitled to the

relief sought, unless the act is void for some of the reasons urged by the respondent's counsel.

Upon a careful examination of the act we are of opinion that it is not retroactive, and that it has no application to the case where husband and wife before its passage had a joint or separate title to a homestead, unless such interest continued till after the act took effect. The words of the act, so far as relates to this point, are prospective merely. " Whenever a husband and wife shall have a joint or separate title." Not when they shall heretofore have had *had* such title, but when they (*hereafter*) *shall have.* It is true that when the act comes in a subsequent part of it to speak of the levy of an execution on the husband's interest, words are used which seem to be retroactive ; " and any creditor of the husband shall have levied an execution on the husband's interest therein." The petitioners claim that the prior time referred to by the words, " shall have levied," is a time prior to the passage of the act, and they claim that these words should control the construction of the act, so as to make it apply to the case before us, where the husband and wife did have a title to a homestead before the passage of the act, but have not since then had such title. It is obvious that if the petitioners are right in their claim, the statute is wholly retrospective. It is not both prospective and retrospective. If the statute provides for the case under consideration, because the words, " shall have levied", apply to a levy before the statute, then the statute has no words which can give it effect in the future. Now the statute seems to us to be a proper one in relation to such levies as may hereafter be made, but of doubtful propriety and constitutionality in relation to levies made before its passage. The first clause in the act is clearly prospective. The clause, " shall have levied", may be construed as prospective also, in order to carry out the object of the statute, which we must presume to be rather for the future than for the past, unless clearly expressed as being retrospective.

We therefore advise the Superior Court to dismiss the bill.

In this opinion the other judges concurred.